**Tarief Kintey GREEN, Petitioner—Appellant,**

v.

**D.L. RUNNELS, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 03–55807.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Dec. 22, 2006.

Tarief Kintey Green, Soledad, CA, pro se.

Stephen M. Lathrop, Torrance, CA, for Petitioner–Appellant.

Garrett Beaumont, Esq., AGCA—Office of the California, Attorney General (San Diego), San Diego, CA, for Respondents–Appellees.

Before: REINHARDT and BYBEE, Circuit Judges, and BURNS,* District Judge.

## MEMORANDUM **

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Petitioner was convicted of attempted murder under Cal.Penal Code §§ 187 and 664, second-degree robbery under Cal.Penal Code § 211, and active participation in a street gang under Cal.Penal Code § 186.22(a). [ER 128–29] Petitioner's sentence reflects a three-year enhancement imposed pursuant to Cal.Penal Code § 186.22(b). [Tr. 1074] In his habeas petition, Petitioner challenges the findings that sufficient evidence existed to support the application of the enhancement under § 186.22(b) and that the admission of testimony by a gang expert did not violate Petitioner's due process rights.

Because Petitioner's claims are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), habeas relief may be granted only upon a finding that the last reasoned state court decision rejecting Petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to it in the state court proceeding." 28 U.S.C. § 2245(d); see also Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). We review the district court's denial of the petition de novo. See Arredondo v. Ortiz, 365 F.3d 778, 781 (9th Cir.2004).

■ Here, neither the sentencing enhancement nor the admission of expert testimony warrants habeas relief under AEDPA. The challenged enhancement applies to persons "convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang" that acted "with the specific intent to promote, further or assist in any criminal conduct by gang members." § 186.22(b). Clearly established federal law permits habeas relief for insufficient evidence only if "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In the last reasoned state court determination, the California Court of Appeal found that enhancement under § 186.22(b) was sufficiently supported because evidence demonstrated that "84 MSC is a criminal street gang" and "[e]xpert testimony established that [Petitioner and fellow robbery participants] were gang members[,] that gang members commit crimes together to promote trust and enhance their gang's reputation[, and that r]obberies are often committed to bring in revenue." [Cal. Ct.App.

---

* The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

at 8.] The state court's decision is not contrary to, nor does it involve an unreasonable application of, *Jackson.*

■ In addition, Petitioner has not demonstrated that the admission of expert testimony by the gang expert justifies habeas relief. Absent a more specific constitutional guarantee, admission of evidence warrants habeas relief only where the result denies a fundamentally fair trial guaranteed by due process. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 75, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Dowling v. United States,* 493 U.S. 342, 353, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); *see also Karis v. Calderon,* 283 F.3d 1117, 1129 n. 5 (9th Cir.2002). Although the Supreme Court has not clearly articulated how to determine whether the admission of certain evidence renders a trial fundamentally unfair, it has explained that "the category of infractions that violate 'fundamental farness' is a very narrow one." *McKinney v. Rees,* 993 F.2d 1378, 1380 (9th Cir.1993) (quoting *Estelle,* 502 U.S. at 72–73, 112 S.Ct. 475). Here, the California Court of Appeal noted the relevance of the expert testimony and the trial court's limiting instructions—that the testimony be considered for gang behavior generally and not as an opinion as to Petitioner's intent—and concluded that the trial court did not err in admitting the expert testimony. [Cal. Ct. App. at 4–5.] Moreover, the California Court of Appeal determined that there was sufficient evidence of intent to kill to support Petitioner's conviction even in the absence of the expert testimony. [Cal. Ct. App. at 5–6.] We cannot conclude that the California Court of Appeal's decision was contrary to clearly established Supreme Court precedent.

Accordingly, we **AFFIRM** the judgment denying the petition.

REINHARDT, Circuit Judge, dissenting in part:

I concur in the majority's holding that Green is not entitled to habeas relief with respect to his conviction. I dissent, however, from its holding that the enhancement is consistent with *Jackson v. Virginia,* even under AEDPA. The enhancement is applicable only one of three conditions is met: The defendant must be "convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang." Cal. Pen.Code § 186.22(b). It is clear from the state court's opinion that it concluded that the first of these conditions, the defendant's desire to benefit the gang, was the sole basis for the jury's finding. I do not believe that the majority could say that the state court erred in this regard. Nor would it be appropriate for it to reject the state court's characterization of jury's verdict. Moreover, although, under AEDPA, we may be able to look to legal theories other than those on which the state court relied when we examine whether the court's decision constitutes an unreasonable application of Supreme Court law, we cannot change the basis of a jury's verdict in order to uphold a decision that violates a defendant's constitutional rights. Here, although the prosecution's gang expert testified that the robbery in question *could* have benefitted the gang to which Green allegedly belonged in various ways, there was simply no evidence offered to prove that the instant robbery was, in fact, committed in order to yield these benefits. In short, the evidence presented at trial was clearly insufficient to prove beyond a reasonable doubt that the crime was committed "for the benefit" of a gang. In reaching the opposite conclusion, the state court unreasonably applied *Jackson.* Accordingly, I would direct the district court to grant the writ

of habeas corpus with respect to the three year enhancement.